UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, vs. Kerry Renell Williams Defendant. | Western Division<br>Case Number: 2:19-MJ-03152<br>Initial App. Date: 08/02/2019<br>Initial App. Time: 2:00 PM<br><br>Date Filed: 08/02/2019<br>Violation: 18 USC 3148<br>~~CourtSmart~~ / Reporter: Maria Bustillas | Out of District Affidavit<br>Custody |
|---|---|---|

| PROCEEDINGS HELD BEFORE UNITED STATES MAGISTRATE JUDGE: Jacqueline Chooljian | CALENDAR/PROCEEDINGS SHEET LOCAL/OUT-OF-DISTRICT CASE |
|---|---|

**PRESENT:** Hays, Kerri — Deputy Clerk | Jeremiah Levine — Assistant U.S. Attorney | None — Interpreter/Language

☐ INITIAL APPEARANCE NOT HELD - CONTINUED
☒ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and
  ☐ preliminary hearing OR ☒ removal hearing / Rule 20.
☒ Defendant states true name ☒ is as charged ☐ is _____
☐ Court ORDERS the caption of the Indictment/Information be changed to reflect defendant's different true name. Counsel are
  directed to file all future documents reflecting the true name as stated on the record.
☒ Defendant advised of consequences of false statement in financial affidavit. ☐ Financial Affidavit ordered **SEALED**.
☒ Attorney: Charles Brown, DFPD ☒ Appointed ☐ Prev. Appointed ☐ Poss. Contribution (see separate order)
☒ Special appearance by: _____
☒ Government's request for detention is: ☐ GRANTED ☐ DENIED ☒ WITHDRAWN ☐ CONTINUED
☐ Defendant is ordered: ☐ Permanently Detained ☐ Temporarily Detained (see separate order).
☒ BAIL FIXED AT $ 25,000.00 (SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS)
☐ Government moves to UNSEAL Complaint/Indictment/Information/Entire Case: ☐ GRANTED ☐ DENIED
☐ Preliminary Hearing waived.
☐ Class B Misdemeanor ☐ Defendant is advised of maximum penalties
☐ This case is assigned to Magistrate Judge _____. Counsel are directed to contact the clerk for
  the setting of all further proceedings.
☐ **PO/PSA WARRANT** ☐ Counsel are directed to contact the clerk for
  District Judge _____ for the setting of further proceedings.
☐ Preliminary Hearing set for _____ at 4:30 PM _____
☐ PIA set for: _____ at 11:00 AM in LA; at 10:00 AM in Riverside; at 10:00 AM in Santa Ana
☐ Government's motion to dismiss case/defendant _____ only: ☐ GRANTED ☐ DENIED
☐ Defendant's motion to dismiss for lack of probable cause: ☐ GRANTED ☐ DENIED
☒ Defendant executed Waiver of Rights. ☒ Process received.
☒ Court ORDERS defendant Held to Answer to _____ District of Arizona
  ☒ Bond to transfer, if bail is posted. Defendant to report on ~~or before~~ 8-16-19 @ 3:00 PM
  ☐ Warrant of removal and final commitment to issue. Date issued: _____ By CRD: _____
  ☐ Warrant of removal and final commitment are ordered stayed until _____
☐ Case continued to (Date) _____ (Time) _____ AM / PM
  Type of Hearing: _____ Before Judge _____ /Duty Magistrate Judge.
  Proceedings will be held in the ☐ Duty Courtroom _____ ☐ Judge's Courtroom _____
☐ Defendant committed to the custody of the U.S. Marshal ☐ Summons: Defendant ordered to report to USM for processing.
☐ Abstract of Court Proceeding (CR-53) issued. Copy forwarded to USM.
☐ Abstract of Order to Return Defendant to Court on Next Court Day (M-20) issued. Original forwarded to USM.
☒ RELEASE ORDER NO: 39445
☒ Other: ✶✶

☐ PSA ☐ USPO | ☐ FINANCIAL | ☐ READY
Deputy Clerk Initials: KH
: 40

✶✶ Defendant instructed to Report to the Sandra Day O'Connor Courthouse in Arizona on August 16, 2019 @ 3:00 PM before Magistrate Judge Deborah M. Fine in Courtroom 304 located at 401 W. Washington St., Phoenix, AZ 85003.

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Case Name: United States of America v. **Kerry Renell Williams**   Case No. **2:19-MJ-3152**

[✓] Defendant  [ ] Material Witness

Violation of Title and Section: **18 USC 3148**

[ ] Summons  [ ] Out of District  [ ] UNDER SEAL  [ ] Modified Date: _____

*Check only one of the five numbered boxes below (unless one bond is to be replaced by another):*

1. [ ] Personal Recognizance (*Signature Only*)
2. [ ] Unsecured Appearance Bond $_____
3. [✓] Appearance Bond $ **25,000.00**
   (a). [ ] Cash Deposit (*Amount or %*) (*Form CR-7*)
   (b). [✓] Affidavit of Surety Without Justification (*Form CR-4*) Signed by: **Andre Williams**

(c). [ ] Affidavit of Surety With Justification (*Form CR-3*) Signed by: _____

[ ] With Full Deeding of Property: _____

4. [ ] Collateral Bond in the Amount of (*Cash or Negotiable Securities*): $_____
5. [ ] Corporate Surety Bond in the Amount of: $_____

Release No. **39445**
[ ] Release to Pretrial ONLY
[ ] Release to Probation ONLY
[✓] Forthwith Release upon Signature of Bond to be substituted out with a CR-4 8-5-19
[ ] All Conditions of Bond (*Except Clearing-Warrants Condition*) Must be Met and Posted by: _____
[ ] Third-Party Custody Affidavit (*Form CR-31*)
[✓] Bail Fixed by Court: **JC / CLR**
(*Judge / Clerk's Initials*)

### PRECONDITIONS TO RELEASE

[ ] The government has requested a <u>Nebbia</u> hearing under 18 U.S.C. § 3142(g)(4).

[ ] The Court has ordered a <u>Nebbia</u> hearing under § 3142 (g)(4).

[ ] The <u>Nebbia</u> hearing is set for _____ at _____ [ ] a.m. [ ] p.m.

### ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

[✓] Submit to: [✓] Pretrial Services Agency (PSA) supervision as directed by PSA; [ ] Probation (USPO) supervision as directed by USPO.
(*The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency."*)

[✓] Surrender all passports and travel documents to Supervising Agency no later than _____, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case. **Except to go to Arizona**

[✓] Travel is restricted to **CDCA + Arizona** unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

[✓] Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

[ ] Maintain or actively seek employment and provide proof to Supervising Agency. [ ] Employment to be approved by Supervising Agency.

[ ] Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: **×KW**   Date: **×8-2-19**

Case Name: United States of America v. _Kerry Renell Williams_   Case No. _2:19-mj-3152_
               ☑ Defendant   ☐ Material Witness

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____ _____ ; ☐ except _____.

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present: _____.

☑ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☑ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining permission from the Court, except _____.

☐ Do not engage in tax preparation for others.

☐ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by Supervising Agency.

☑ Do not use or possess illegal drugs or state-authorized marijuana. ☑ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☑ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☑ Submit to: ☑ drug and/or ☐ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency. You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☐ Participate in the Location Monitoring Program and abide by all of the requirements of the program, under the direction of Supervising Agency, which ☐ **will** or ☐ **will not** include a location monitoring bracelet. You must pay all or part of the costs of the program based upon your ability to pay as determined by Supervising Agency. You must be financially responsible for any lost or damaged equipment.

   ☐ Location monitoring only – no residential restrictions;
       -or-
   ☐ You are restricted to your residence every day:
     ☐ from _____ ☐ a.m. ☐ p.m. to _____ ☐ a.m. ☐ p.m.
     ☐ as directed by Supervising Agency;
       -or-

Defendant's Initials: _KW_   Date: _8-2-19_

Case Name: United States of America v. <u>Kerry Reneil Williams</u>   Case No. <u>2:19-mj-3152</u>

☑ Defendant  ☐ Material Witness

☐ You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances, and _____, all of which must be preapproved by Supervising Agency;

☐ Release to PSA only   ☐ Release to USPO only

☐ You are placed in the third-party custody (*Form CR-31*) of _____.

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ____ days of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency.   ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

☐ Other conditions:

_____
_____
_____
_____
_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: <u>KW</u>   Date: <u>8-2-19</u>

Case Name: United States of America v. Kerry Renell Williams   Case No. 2:19-mj-3152

☑ Defendant  ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

___8-2-19___  ___[signature]___  ___(323) 564-1149___
Date                Signature of Defendant / Material Witness         Telephone Number

___Los Angeles, CA___
City and State (DO NOT INCLUDE ZIP CODE)

☐ **Check if interpreter is used:** I have interpreted into the _____ language this entire form and have been told by the defendant that he or she understands all of it.

_____                    _____
Interpreter's Signature                                   Date

Approved: _____           _____
United States District Judge / Magistrate Judge              Date

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: KW   Date: 8-2-19